UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAUKEEN R. SPRAGGINS, and
LAVERNE V. HUNT,

    Plaintiffs,            CIVIL ACTION NO. 07-12485

    vs.                   DISTRICT JUDGE BERNARD A. FRIEDMAN
                           MAGISTRATE JUDGE DONALD A. SCHEER

TIM MOORE, et. al.,

    Defendants,
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendants' Motion to Dismiss should be granted as they were entitled to qualified immunity since they did not completely frustrate Plaintiffs' request to marry.

\*    \*    \*

Plaintiffs filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on June 11, 2007, against the Macomb County Sheriff's Department and six deputy sheriffs employed in various capacities at the Macomb County Jail. Plaintiffs allege that Defendants violated their First Amendment right to marry. They sought injunctive relief as well as compensatory damages.

Defendants filed a Motion to Dismiss on September 19, 2007, based upon a failure to state a claim upon which relief can be granted. Even if the Plaintiffs' right to marry was violated, Defendants assert that they are entitled to qualified immunity because the marriage denial was reasonably related to a legitimate penological interest.

Plaintiffs filed a response to Defendants' Motion to Dismiss on October 11, 2007, conceding that Defendants Walson, Babich, Deriemaecker, Flanigan and Grossbeck were

entitled to qualified immunity. Acknowledging that these officers had not violated their constitutional rights, Plaintiffs moved to dismiss these five defendants (See Plaintiff Response, pp 2, 10-11). However, Plaintiffs opposed qualified immunity for Defendant Moore claiming that his actions completely frustrated their right to marry.

## LOCAL GOVERNMENT LIABILITY

No proper basis for a claim against the Macomb County Sheriff's Department is alleged in the complaint. To state a claim for money damages under § 1983, a claimant must aver some specific, personal, wrongdoing on the part of the individual defendant, and theories of vicarious liability or respondeat superior are not sufficient. Rizzo v. Goode, 423 U.S. 362, 376 (1976). The general rule is also that a local governmental unit may not be sued under § 1983 for a wrong inflicted solely by its employees or agents unless they are executing some official policy, practice or custom. Monell v. NYC Department of Social Services, 436 U.S. 658, 694 (1978).

In the instant case, the Complaint is devoid of any claim against the Macomb County Sheriff's Department. Under Michigan law, governmental agencies are immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function. MCL 691.1407(1); Ross v. Consumers Power Co., 420 Mich. 567, 661 (1984). Accordingly, the Macomb County Sheriff's Department is entitled to summary judgment as Plaintiffs have failed to plead a claim upon which relief may be granted.

## QUALIFIED IMMUNITY

The Supreme Court has set forth a two prong test for analyzing qualified immunity. First, a court must determine whether a constitutional right has been violated. Second, the

court must consider whether the violation involved a clearly established constitutional right of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

The Sixth Circuit has recently added another facet to the question of whether a prison official is entitled to qualified immunity. In Barnes v. Wright, 449 F.3d 709 (6th Cir. 2006) the court held that there must also be a determination of whether the Plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional right. Id. at 715.

It is well settled that the right to marry extends to prisoners. Turner v. Safely, 482 U.S. 78, 95 (1987). However, that right is not unfettered. The Supreme Court in Turner ruled that an inmate's right to marry may be restricted where the restriction is reasonably related to a legitimate penological interest. Id. at 96-97. The Sixth Circuit has held that the refusal to aid a prisoner in exercising his right to marry, where such refusal completely frustrates the right, can amount to a "prison regulation" under Turner. Therefore, such refusals must be reasonably related to legitimate penological interests. Toms v. Taft, 338 F.3d 519, 525 (2003).

On February 18, 2007, Plaintiff Spraggins filed a Step One grievance requesting that he be allowed to conduct a marriage ceremony prior to his February 22, 2007, sentencing date (See Exhibit #3 attached to Complaint). On February 19, 2007, Defendant Moore denied Spraggins request because of high security classification and the close proximity between the date of the proposed marriage ceremony and his sentencing date. In an accompanying letter, Defendant Moore indicated that if Spraggins was sentenced to a term in the Macomb County Jail, and his jail classification was lowered, then the marriage

request would be revisited (Exhibit #4). Defendant Moore had no further involvement in this matter.

Plaintiffs concede that Defendants Walson, Babich, Deriemaecker, Flanigan and Grossbeck did not completely frustrate their right to marry. Therefore, they should be dismissed under the doctrine of qualified immunity. Although Defendant Moore denied Spraggins' request for a prison marriage ceremony, he also did not completely frustrate Plaintiffs right to marry because he indicated that the request could be revisited if: 1) Spraggins was sentenced to a term in the Macomb County Jail; and, 2) he successfully applied to have his security classification lowered. Defendant Moore provided legitimate penological reasons for denying Plaintiffs' request to marry. The conditional denial was based on considerations of safety and security, given Plaintiff's incarceration history and record of escape, his probable transfer to a more secure institution, and that fact that Spraggins' sentencing was scheduled four days from the written request to marry.

Plaintiffs have a right to marry. Nonetheless, a county jail is not designed to serve as a wedding chapel, and a reasonable time to consider and address security concerns raised by the request of a high risk prisoner is not an undue imposition. Spraggins, as a prior escapee, should not expect the instant gratification of his request for a departure from standard security routine. Defendant Moore is entitled to qualified immunity since his actions did not completely frustrate Plaintiffs constitutional rights[1].

---

[1] It is worthy of note that the only unfinished administrative detail relating to the February 8, 2007, exchange of marriage vows between the Plaintiffs was Spraggins signature on a marriage certificate. That document could have been provided to Spraggins by mail and returned to the presiding official for filing in the public record. Why petitioner elected to begin the entire marriage process again is not explained.

As to Plaintiff Hunt's right to marry an inmate, her rights are considered derivative of Plaintiff Spraggins. Hudson v. Rhodes, 579 F.2d 46 (6th Cir. 1978). Since Plaintiff Spraggins does not have a unqualified right to marry under the circumstances, Plaintiff Hunt's constitutional rights have not been violated. Accordingly, Defendants' Motion to Dismiss should be granted and the instant Complaint dismissed. Given this recommendation, Defendants' Motion to Strike Plaintiff's Spraggins Affidavit for Entry of Default (Docket #14) should be denied as moot.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Friedman's acceptance thereof is waived.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: November 20, 2007

___

**CERTIFICATE OF SERVICE**

I hereby certify on November 20, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on November 20, 2007. **Waukeen Spraggins, Laverne Hunt.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217