UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAUKEEN R. SPRAGGINS and,
LAVERNE V. HUNT,

      Plaintiffs,                       Case No. 07-12485

vs.                                     HON. BERNARD A. FRIEDMAN
                                          MAG. JUDGE DONALD A. SCHEER

TIM MOORE, et al.,

      Defendants.
_____/

## OPINION AND ORDER OVERRULING PLAINTIFFS' OBJECTIONS TO AND ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION TO DISMISS

**I.**     **INTRODUCTION**

This matter is presently before the Court on Magistrate Judge Donald A. Scheer's November 20, 2007, Report and Recommendation ("R & R"). Magistrate Judge Scheer recommended that the Court grant Defendants' Motion to Dismiss. Plaintiff filed an objection to the R & R, and Defendants filed a response to Plaintiffs' objection. The Court has reviewed this matter de novo as required under FED. R. CIV. P. 72(b) and will accept and adopt the Magistrate Judge's R & R.

**II.**     **ANALYSIS**

Plaintiffs filed the instant Complaint against the Macomb County Seriff's Department and six deputy sheriffs based on their allegation that Defendants violated their First Amendment right to marry. Plaintiffs sought injunctive relief and compensatory damages. Defendants filed a

1

Motion to Dismiss, stating that even if Plaintiffs' right to marry was violated, they were entitled to qualified immunity because the marriage denial was reasonably related to a legitimate penological interest. Plaintiffs filed a response to Defendants' motion to dismiss, conceding to the dismissal of certain defendants, but opposing the granting of qualified immunity for Defendant Moore.

The R and R recommends that Defendants' Motion to Dismiss be granted. It bases this recommendation on its finding that the remaining defendants are entitled to qualified immunity, as they did not completely frustrate Plaintiffs' request to marry.

The R and R first finds that Plaintiffs have not alleged a proper basis for a claim against the Macomb County Sheriff's Department. It bases this recommendation on its analysis of the general rule that a local government unit may not be sued under § 1983 for a wrong inflicted solely by its employees or agents unless they are executing some official policy, practice or custom. Monell v. NYC Department of Social Services, 436 U.S. 658, 694 (1978). Here, the Complaint is devoid of any claim specifically against the Macomb County Sheriff's Department. Accordingly, the Macomb County Sheriff's Department is entitled to summary judgment.

The R and R next finds that Defendant Moore is entitled to qualified immunity, as his actions did not completely frustrate Plaintiffs' constitutional rights. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). As explained in the R and R, Defendant Moore's actions were reasonably related to a legitimate penological concern, especially considering Plaintiff Spraggins' prior escapee status. In addition, Defendant Moore stated that if and when such concerns were addressed, Plaintiffs' marriage request would be revisited. Defendant Moore provided legitimate

penological reasons for denying Plaintiffs' request to marry, and such conditional denial was based on considerations of safety and security. Accordingly, qualified immunity for Defendant Moore is justified.

## III. ORDER

Accordingly,

IT IS ORDERED that the Plaintiffs' Objections to the Magistrate Judge's Report and Recommendation are overruled.

IT IS FURTHER ORDERED that the Magistrate Judge's Report and Recommendation is accepted and adopted.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss is GRANTED.


Dated: March 26, 2008                     s/Bernard A. Friedman_____
       Detroit, Michigan                  BERNARD A. FRIEDMAN
                                          CHIEF UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

s/Carol Mullins
Case Manager to Chief Judge Friedman